IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON LIVELY : | |
| : | |
| v. : | |
| : | NO. 13-7377 |
| WARDEN BRYANT, WARDEN LANSLY, : | |
| and WARDEN FARRELL : | |
| : | |

**NORMA L. SHAPIRO, J.**                                                                 AUGUST 5 , 2014

    Before the court is defendants' motion to dismiss plaintiff's complaint.  Plaintiff Aaron Lively, in custody at the Curran-Fromhold Correctional Facility when he filed this action, alleges that during his incarceration at the institution he was housed in an overcrowded cell.  He claims that these conditions violate his constitutional rights.  Plaintiff brings this action under 42 U.S.C. § 1983.  The court granted plaintiff's application to proceed *in forma pauperis* on January 4, 2014.  On May 20, 2014, the City, on behalf of the named defendants, filed a motion to dismiss.  The motion is unopposed.

## I.  BACKGROUND

    Plaintiff filed a handwritten complaint alleging counts against three defendants: Warden Bryant, Warden Lansly, and Warden Farrell.[1]  Plaintiff alleges that during his incarceration within the Philadelphia Prison System he was placed in a three man cell, a two person cell with a plastic boat on the floor for a third inmate.[2]  He also alleges that he was placed in a four man multi-purpose

---

[1] The City of Philadelphia has not accepted service on behalf of Warden Lansley and asserts no such person serves as a warden in the City of Philadelphia Prison System.

[2] *See Williams v. City of Philadelphia*, Civ. No. 08-1979, Docket No. 87.  Actions for damages are excluded from the waiver in the settlement agreement between plaintiffs in the class action settlement on behalf of all current and future persons confined in the Philadelphia Prison System.  Section X.A. states "plaintiffs do not waive their rights to pursue individual claims for monetary damages under federal or state law."  All such actions have been assigned to this court.

room and a six man cell. He alleges that he was jumped by inmates and had his possessions stolen.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss all or part of an action for failure to state a claim upon which relief can be granted. A complaint must contain sufficient facts that, when accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). A complaint is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish a plausible allegation. *Id.*

## III.  DISCUSSION

Section 1983 provides remedies for deprivations of rights established in the Constitution or by federal law. To state a claim under § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). If a plaintiff brings suit against individual defendants, personal wrongdoing must be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). The plaintiff must allege a defendant's personal involvement because a defendant cannot be held liable for a constitutional violation he did not participate in or approve. *Baraka v. McGreevey,* 481 F.3d 187, 210 (3d Cir. 2007).

Plaintiff's complaint appears to allege a Section 1983 claim based on his housing in the overcrowded Philadelphia Prison System. He alleges he was placed in a three man, four man and six cell that exposed him to an unsafe environment. Plaintiff appears to be articulating a Section

1983 claim for violations of his Fourteenth Amendment right of due process. The Supreme Court has determined "a detainee may not be punished prior to an adjudication of guilt in accordance with the due process of law."[3] *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Plaintiff names the wardens of the Curran-Frumhold Correctional Facility and the Philadelphia Industrial Correctional Center as defendants. Plaintiff has failed to include any allegations that these wardens were personally involved in the alleged deprivation of his constitutional rights. He does not name the defendants anywhere in his allegations. In response to the section titled "Was anyone else involved," the complaint states "[j]ust the people in the room." The allegation are not sufficient to state a claim against individual defendants under Section 1983.

## IV.  CONCLUSION

Defendants' motion to dismiss plaintiff's complaint will be granted. Plaintiff will be granted leave to amend his complaint. An appropriate order follows.

---

[3] Plaintiff does not allege that he is a pretrial detainee. However, since the court construes the facts in the light most favorable to the plaintiff for purposes of this motion, the court will assume he has not been convicted while in PPS custody.